RANDALL KENT SARCHET, A Minor, *et al.*, Plaintiffs-Appellees, *v.* TERRY L. SOOTS, A Minor, Defendant-Appellant.

(No. 72-218;

Fifth District—March 30, 1973.

Frank H. Schniederjon, of Effingham, for appellant.

Rex Carr, of East St. Louis, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the Circuit Court of Fayette County in favor of plaintiffs and against the defendant in a personal injury action.

Plaintiffs brought suit to recover damages for personal injuries to the minor plaintiff and for loss of service and expenses incurred by the father due to the alleged negligence and wilful and wanton misconduct of the minor defendant, when the car driven by the defendant struck the plaintiff while he was walking in a westerly direction on a path adjacent to the north side of Main Street in the City of Vandalia, Illinois. The jury found in favor of the plaintiffs and against the defendant on both the negligence and wilful and wanton issues. The trial court denied defendant's motion for judgment notwithstanding the verdict for a new trial.

Appellant contends there was insufficient evidence for the jury to find him guilty of wilful and wanton misconduct; that the plaintiff was guilty of contributory negligence and contributory wilful and wanton misconduct as a matter of law; and that the trial court erred in failing to appoint a guardian *ad litem* for the appellant who was a minor at the time suit was filed, but who had reached his majority prior to trial.

■■ There was sufficient evidence for the jury to find that the plaintiff was walking in a westerly direction on a path approximately a foot and a half from the pavement on Main Street in the City of Vandalia when a car driven in a westerly direction by appellant swerved off the pavement, struck the minor and injured him severely.

■■ Appellant was a minor when the accident occurred on September 28, 1968, and when suit was filed on March 11, 1969. However, he was 20 years of age when the trial commenced on February 29, 1972. The legislature lowered the legal age for males to 18, effective August 24, 1971. (Ill. Rev. Stat., ch. 3, par. 131.) Therefore, the appellant was legally competent to handle his own affairs for six months prior to the trial of this case. We further note that the appellant was vigorously defended through all the stages of this proceedings by the same attorney who now argues that we should order a new trial because no guardian *ad litem* was appointed during the pleading stages of this case. Under these circumstances, the appellant has ratified all of the acts of his attorney who vigorously and ably defended him during the whole course of those proceedings, including this appeal.

We find that no error of law appears, that an opinion in this case would have no precedential value and that the judgment of the trial court was not against the manifest weight of the evidence.

We therefore affirm the judgment of the Circuit Court of Fayette County in compliance with 50 Ill.2d R. 23.

Judgment affirmed.

JONES and CREBS, JJ., concur.