ISABEL VENEGAS, Plaintiff-Appellant, *v.* HENRY VENEGAS, Defendant-Appellee.

First District (5th Division)   No. 61851

Opinion filed March 11, 1977.

Sherwin & Sherwin, of Chicago (Theodore R. Sherwin, of counsel), for appellant.

Bruce L. Levin, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order modifying child support payments. On appeal, she contends that the court erred (1) in ruling that the statutory amendment effective August 24, 1971, lowering the majority of males to age 18, was retroactive to a decree entered in 1962; (2) in ruling that it was proper for defendant to unilaterally reduce child support payments as each child reached age 18; and (3) in ordering "that any additional child support arrearages to that found by the court to be supported by evidence to be furnished to defendant's attorneys."

The 1962 divorce decree granted custody of the couple's five minor children to plaintiff and required defendant to pay $65 weekly as child support. On September 6, 1966, without altering the monetary amount of defendant's obligation, the decree was modified to include a sixth child.

On May 10, 1973, plaintiff filed a petition which sought a modification of the decree by the increase of weekly support payments and by the inclusion of certain extraordinary medical expenditures. On the same date, defendant filed an answer asking that his increased expenses and plaintiff's betterment in financial position be considered by the court in dismissing her petition and in rendering him any further relief which it deemed equitable. Thereafter, plaintiff apparently did not pursue the matter and no action was taken on the petition. Meanwhile, although defendant had continued to pay $65 per week after his eldest daughter had reached 18 years of age, he unilaterally reduced his payments to $52 per week when his son Daniel attained the age of 18 on June 14, 1973, and further diminished them to $39 on July 20, 1974, the date of his daughter Gloria's 18th birthday.

At the time the divorce decree was rendered, Illinois law provided that children would be considered minors until the males reached the age of 21 and females the age of 18. (Ill. Rev. Stat. 1961, ch. 3, par. 131.) Effective August 24, 1971, however, this provision was amended to lower the age at which males attain majority to 18 years. Ill. Rev. Stat. 1975, ch. 3, par. 131.

On September 17, 1974, plaintiff filed a supplemental petition seeking a determination (1) that an arrearage had accumulated as a result of the

unilateral reduction of support payments by defendant; and (2) that Gloria, although 18 years of age, was entitled to support because she had not yet graduated from high school. A hearing was held on November 18, 1974, at which the parties were the only witnesses, and each testified to the changes which had occurred in their financial circumstances.

The trial court found that six children had been born of the marriage; that two daughters and one son had attained their majority; that three children remained minors; and that there had been a substantial change in the circumstances of the parties. Defendant was ordered to pay $50 per week as and for support of three minor children. From that order, plaintiff has brought this appeal. Because of the view we take of this case, only her first two contentions require discussion.

OPINION

■■■ Plaintiff first argues that the statutory age of majority in effect at the time the divorce decree was entered must be employed to define the extent of defendant's obligation to support his minor children. Defendant has acknowledged that a number of cases emanating from *Waldron v. Waldron* (1973), 13 Ill. App. 3d 964, 301 N.E.2d 167, have held this to be the rule in Illinois. (*Dunsky v. Dunsky* (1976), 40 Ill. App. 3d 845, 353 N.E.2d 371; *Bobus v. Bobus* (1974), 24 Ill. App. 3d 428, 321 N.E.2d 169 (abstract); *Strum v. Strum* (1974), 22 Ill. App. 3d 147, 317 N.E.2d 59.) Nonetheless, he contends that the better view is to apply the statutory amendment retroactively by treating it in much the same manner as an alteration in the financial condition of the parties (*Shoaf v. Shoaf* (1972), 282 N.C. 287, 192 S.E.2d 299), and he would have us overrule *Waldron*. We must decline to do so, as we find a fundamental difference between ascertaining the identity of the person(s) for whom one is obligated to furnish support and, assuming such an obligation, determining whether one is currently financially able to meet this burden. The latter of necessity requires further evaluations, which may be accomplished by a petition for modification of the decree. (*Storm v. Storm* (1973), 9 Ill. App. 3d 1071, 1074, 293 N.E.2d 633, 636.) The status of minors entitled to support, however, is determinable and fixed at the time the decree is rendered, and their rights are defined by the terms of the decree. (*Strum.*) Should the description of those entitled to support be ambiguous, the statutes in effect at the time of the rendition of the decree must be examined to arrive at the intention of the court, and where, as here, the court described the supportable group as "minor children," the statutory age of majority then in effect must be construed as the description intended by the court. (*Waldron.*) Consequently, *Waldron* is dispositive of the issue.

■■ Here, the trial court employed the statutory definition of majority which became effective subsequent to the entry of the divorce decree (Ill. Rev. Stat. 1973, ch. 3, par. 131) in arriving at its conclusion that a male child ceases to be a minor at age 18. The statute in effect on the date of the entry of the decree, however, provided that males attained majority at age 21. (Ill. Rev. Stat. 1961, ch. 3, par. 131.) Thus, the trial court's determination that Daniel, upon reaching 18 years of age on June 14, 1973, was no longer entitled to support under the terms of the divorce decree was erroneous.[1]

Plaintiff next contends that the trial court improperly condoned defendant's unilateral, pro rata reduction of vested, lump sum child support payments. We disagree. The court did not, and indeed could not, approve defendant's actions. (*Storm.*) However, both plaintiff's original petition and defendant's answer sought modification of the payments on grounds that their financial circumstances had changed since the rendition of the decree. The filing of a petition or answer which seeks the modification of a decree prevents the vesting of subsequent payments, and the trial court may modify the decree retroactively to the date of filing. *Adler v. Adler* (1940), 373 Ill. 361, 26 N.E.2d 504; *Voss v. Voss* (1974), 23 Ill. App. 3d 312, 319 N.E.2d 72; *Edwards v. Edwards* (1970), 125 Ill. App. 2d 91, 259 N.E.2d 820.

■■ In the case at bar, while we find the record supports the trial court's determination that there had been a material change in the circumstances of the parties to justify the modification of the support payments, the erroneous application of 18 years as the statutory age of majority for the male children touched all aspects of the hearing and subsequent order. Thus, it cannot be ascertained with certainty whether, after consideration of the financial condition of the parties, the court determined that the modified payment of $50 per week constituted the extent of defendant's ability to support any number of minor children, or whether it represented the amount of support for the three children the court determined to be minors after applying a majority of age 18 for the male children.

In view thereof, we will vacate the order of the trial court and remand this cause for further proceedings, to redetermine support payments in the light of our holding that the age of majority for the male children should be considered as 21 years—taking into account, of course, the financial circumstances of the parents.

---

[1] The effect of the constitutional impermissability of different ages of majority for males and females (see *Stanton v. Stanton* (1975), 421 U.S. 7, 43 L. Ed. 2d 688, 95 S. Ct. 1373) was not raised in the trial court or in this appeal.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded with direction to conduct further proceedings consistent with the views expressed in this opinion.

Reversed and remanded, with directions.

LORENZ and MEJDA, JJ., concur.