(No. 64296.

DR. WILFRED BUDDELL, Appellee, v. THE BOARD OF TRUSTEES, STATE UNIVERSITY RETIREMENT SYSTEM OF ILLINOIS *et al.*, Appellants.

*Opinion filed September 21, 1987.*

CUNNINGHAM, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield (Robert E. Wagner, Assistant Attorney General, of counsel), for appellants.

Michael B. Smallwood, of St. Louis, Missouri, and Brad L. Badgley, of Heiligenstein & Badgley, P.C., of Belleville, for appellee.

JUSTICE RYAN delivered the opinion of the court:

The Board of Trustees of the State University Retirement System of Illinois brought this direct appeal in this action concerning the constitutionality of a limitation clause of section 15—113(i) of the Illinois Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 15—113(i) (the questioned clause is now found in Ill. Rev. Stat. 1985, ch. 108½, par. 15—113.7)). This case arose from the Board's denial of Dr. Wilfred Buddell's application for prior service credit under section 15—113(i). Dr. Buddell sought administrative review of the Board's denial in the circuit court of Madison County, which found the disputed clause of section 15—113(i) unconstitutional. Direct appeal was taken to this court pursuant to Supreme Court Rule 302(a) (107 Ill. 2d R. 302(a)), and we now affirm.

Dr. Buddell was first employed by the Southern Illinois University at Edwardsville in 1969. As an employee of the University, Dr. Buddell participated in the State University Retirement System of Illinois. Sometime prior to Dr. Buddell's employment at the University, he was on active duty in the armed forces of the United States for approximately 1¾ years.

At the time that Dr. Buddell became employed by the University, the version of section 15—113 in effect allowed employees to purchase service credit for time spent in the military service. (Ill. Rev. Stat. 1969, ch. 108½, par. 15—113(i).) Section 15—113 was amended in 1974 to provide as follows:

"This paragraph shall not apply to individuals who become participants in the system after September 1, 1974. Credit for military service under this paragraph shall be allowed only to those who are eligible for credit under this paragraph and have applied for such credit before September 1, 1974." Ill. Rev. Stat. 1975, ch. 108½, par. 15—113(i).

In 1983, Dr. Buddell applied to the University Retirement System to purchase military service credit. The University Retirement System denied his application because of the deadline contained in section 15—113(i). Dr. Buddell was advised that the University Retirement System's denial constituted a final administrative decision under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 et seq.). He subsequently sought review of the denial in the circuit court.

The circuit court of Madison County concluded that section 15—113(i) was unconstitutional in light of article XIII, section 5, of the Illinois Constitution of 1970, which provides:

"Sec. 5. Pension and Retirement Rights

Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."

The court reasoned that since there was no time limitation imposed on the application for military service credit at the time Dr. Buddell became a participant in the University Retirement System, article XIII, section

5, of the Illinois Constitution of 1970 precluded any alteration of this benefit.

We begin our analysis in this case, as we have in other cases involving article XIII, section 5, of the Illinois Constitution of 1970 (see *Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 150-51; *People ex rel. Illinois Federation of Teachers v. Lindberg* (1975), 60 Ill. 2d 266, 271), by looking to the transcript of the debates of the constitutional convention relating to this provision. Although the debates reflect some uncertainty among the delegates as to the scope of the restriction that the section would impose on legislative bodies, the delegates clearly intended that vested rights of pension plan participants not be defeated or diminished. (4 Record of Proceedings, Sixth Illinois Constitutional Convention 2929, 2931.) In effect, this constitutional provision guarantees that all pension benefits will be determined under a contractual theory rather than being treated as "bounties" or "gratuities," as some pensions were previously. *Bergin v. Board of Trustees of the Teachers' Retirement System* (1964), 31 Ill. 2d 566, 574; *Pecoy v. City of Chicago* (1914), 265 Ill. 78, 80.

Prior to the adoption of our 1970 Constitution, the decisions of this court generally classified pension systems for public employees as "mandatory," which were deemed to be noncontractual, and "optional," or nonmandatory, which were considered to create contractual relationships. (See *Public Employee Pension Rights and the 1970 Illinois Constitution: Does Article XIII, Section 5 Guarantee Increased Protection?*, 9 J. Mar. J. Prac. & Proc. 440, 445-49 (1976).) Section 5 appears to have abolished the noncontractual classification and to have created contractual protection for all pension plans, thus eliminating the distinction between mandatory and optional participation plans.

In this case we address the question of whether the military service credit provision of the Pension Code that existed prior to the 1974 amendment to section 15—113 is a protected benefit under article XIII, section 5, of our 1970 Constitution. It is undisputed that the military service credit was part of the applicable pension code at the time that Dr. Buddell was hired and on the effective date of our 1970 Constitution.

The Board argues that section 5 does not prohibit all changes in the terms of employment that might affect the amount of an employee's retirement benefits, citing *Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 152. In *Peters*, the disputed action was a change in the maximum retirement age for firemen. (57 Ill. 2d 142, 144.) Since this change affected the amount of the benefits that plaintiffs would receive when they retired, it was argued that the change violated their constitutional rights under section 5. A majority of this court did not agree.

In *Peters*, the statutory provision controlling the maximum retirement age for firemen was not found in the Pension Code but in the Illinois Municipal Code. The city had adopted division 1 of article X of the Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—1 *et seq.*), which provided for civil service in municipalities. Section 10—1—18 (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18) provided that municipalities which had adopted division 1 may, by ordinance, provide for an age limit of not less than 63 years as the maximum age for legal employment of any person employed as a policeman or a fireman.

There was no provision concerning retirement age in the Pension Code, which merely provided that any fireman age 50 or more, who had 20 years of creditable service and was no longer in service as a fireman, should receive from the Firemen's Pension Fund a monthly pension equal to one-half the monthly salary attached to the

rank held by him at the date of his retirement. (Ill. Rev. Stat. 1971, ch. 108½, par. 4—109.) The city of Springfield and the *amicus curiae*, Illinois Municipal League, argued that the only contractual rights protected by section 5 of article XIII of our 1970 Constitution are those that are based upon and within the scope of the statute, and that the statute (the Pension Code) does not provide that a fireman may work until age 63. In *Peters*, this court did not specifically reply to that argument; however, it noted that various divisions of the Municipal Code had different provisions with regard to mandatory retirement ages. The court stated that municipal employment was not static and that a number of factors might require "that a public position be abolished, its functions changed, or the terms of employment modified." (*Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 151.) This court then held that the city of Springfield, through the use of its home rule power, could set the retirement age of firemen at 60 years even though this might incidentally affect the pension which the fireman would ultimately receive. 57 Ill. 2d 142, 152.

In our case the rights claimed by the plaintiff are those that were contained within the Pension Code itself and not provided for in some statutory provision relating to other matters which incidentally affect pension benefits. The right to purchase pension credit for military service was contained within the Pension Code when the plaintiff entered the employment in 1969, and was contained in the Pension Code on the effective date of our 1970 Constitution. Whether the plaintiff's pension rights were, at the time of his initial employment, contractual or noncontractual is not important. There can be no doubt, however, that upon the effective date of article XIII, section 5, of our 1970 Constitution, the rights conferred upon the plaintiff by the Pension Code became contractual in nature and cannot be altered, modified, or

released except in accordance with usual contract principles.

The Board argues that the plaintiff has no rights under the military service credit provision of the Pension Code because he had taken no step to avail himself of his benefit prior to the statutory cut-off date provided for in the amendment. Therefore, this benefit had not "vested." Since plaintiff provided no consideration for these additional benefits, the Board argues, no enforceable contractual relationship exists. The Board relies on *Ziebell v. Board of Trustees of the Police Pension Fund* (1979), 73 Ill. App. 3d 894. However, *Ziebell* does not support the Board's position. That case acknowledged that article XIII, section 5, of the Illinois Constitution of 1970 created a contractual arrangement as to public pension plans, binding the government to fulfill its agreement. *Ziebell* pointed out, however, that additional pension benefits are not conferred without additional payments into the fund. The holding in *Ziebell* would apply in our case only if the plaintiff were seeking to receive the additional military service pension benefit without paying the additional amount required by the Pension Code. In the absence of action by the plaintiff to take the necessary steps to avail himself of the additional pension credits, additional benefits would not be forthcoming. The Board overlooks the point that when plaintiff became an employee of the State and when our 1970 Constitution became effective, the Pension Code provided that he could purchase military service credit in the retirement system. It is this right to purchase the additional credits which plaintiff seeks to enforce, not the payment of additional benefits which are payable only if he is permitted to and does purchase the additional service credits. This right to purchase additional credit became a contractual right under article XIII, section 5, of our 1970 Constitution. The consideration for

that contractual right was the same as for any other right conferred by the Pension Code, his employment and continued employment by the public body, and, in addition, his prior military service.

In *Kraus v. Board of Trustees of the Police Pension Fund* (1979), 72 Ill. App. 3d 833, our appellate court held that the plaintiff was entitled to receive a pension based on the relevant section of the Pension Code in effect at the time that article XIII, section 5, of the 1970 Illinois Constitution became effective. This holding is in accord with our holding in this case. In arriving at its holding, the court, in *Kraus*, considered the pre-1970 distinction between mandatory and optional pension plans, the constitutional debates and many decision of the courts of New York construing its constitution's provision, after which section 5 of article XIII of our 1970 Constitution was patterned. *Ziebell* is not in conflict with *Kraus* or, as noted earlier, this court's decision in this case, because in *Ziebell* the plaintiff was seeking to receive additional pension payments for which no contribution had been made. In our case, as noted earlier, the plaintiff is not seeking the additional benefits without additional consideration, but is seeking to enforce his right to purchase the additional service credit toward his pension. The rights to exercise this option and to make these additional payments are contractual rights by virtue of article XIII, section 5, of our 1970 Constitution, and the legislature cannot divest the plaintiff of these rights.

We therefore hold that the portion of section 15—113(i) that denies plaintiff, a participant in the System prior to September 1, 1974, the right to purchase military service credit after that date violates article XIII, section 5, of the Illinois Constitution of 1970. We note, as discussed in *Kraus*, that our interpretation of the language of section 5 is in accord with the decisions of the

New York courts interpreting a comparable constitutional provision.

Under the facts of this case, the judgment of the circuit court of Madison County is affirmed.

*Affirmed.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.