632 N.E.2d 162 (1994)
259 Ill. App.3d 410
198 Ill.Dec. 103
In re Brandie KNAZZE, a Minor (Brandie Knazze, a Minor, By and Through Her Guardian and Next Friend, Katherine Knazze, Plaintiff-Appellant,
v.
Banker's Life and Casualty Company et al., Defendants-Appellees).
No. 1-92-2844.
Appellate Court of Illinois, First District, Sixth Division.
March 25, 1994.
George B. Collins and Gregory A. Bedell of Collins & Bargione, Chicago, for plaintiff-appellant.
Despres, Shwartz & Geoghegan, Chicago, for defendant-appellees.
Presiding Justice EGAN delivered the opinion of the court:
This case involves a dispute over $32,000 in insurance proceeds after the death of Mario Knazze. The dispute is between the plaintiff, Brandie Knazze, who is Mario's daughter, and the defendant, Shirley Knazze, who is Mario's mother. The plaintiff appeals from a judgment which gave the plaintiff $19,500 and the defendant $13,000.
The plaintiff is the sole surviving child of Mario and Katherine Knazze, Mario's first wife. Mario and Katherine were divorced in 1983. The judgment order for dissolution stated the following:
"Each party shall maintain life insurance policy through their present or future employer naming the minor child as irrevocable beneficiary; however, the respective *163 insurance companies shall be advised that the first $3,500 of the policy shall be paid to the executor, administrator, or one in charge of burial, to be used only as and for the cost of burial."
At the time of the divorce and until his death, Mario was employed by the Cook County Department of Corrections and was covered under one group life insurance policy. At the time of the divorce, the group policy offered through his employer was issued by Banker's Life and Casualty Company (Banker's Life). The group term life insurance offered two plans: a group insurance benefit of $2,500 that was paid by the County and additional optional insurance paid by the employee up to a maximum of $17,000. At the time of the divorce, Mario was covered under both plans. Thus, his total life insurance benefit in effect at the time of the divorce was $19,500.
On September 11, 1989, Mario filled out another enrollment card for his group life insurance; he was still an employee of the Cook County Department of Corrections, and Banker's Life remained his insurer. He increased his additional optional employee paid insurance and requested insurance for $30,000. His life insurance benefit totalled, therefore, $32,500.
At the time the judgment of dissolution was entered, his mother Shirley was listed as the beneficiary. On August 5, 1988, he changed the beneficiary to Doris, his second wife. On the enrollment card dated September 11, 1989, he named Doris as the beneficiary. Seven days before his death on September 11, 1990, he named his mother Shirley as the beneficiary.
On October 5, 1990, the plaintiff, who was 14 years old at the time, by and through her mother Katherine, filed a complaint for imposition of constructive trusts. Both the plaintiff and the defendant moved for summary judgment. The defendant argued that the plaintiff was entitled to only $19,500 of the proceeds because that was the amount of life insurance in effect at the time of divorce. She also maintained that she was entitled to the increase in benefits because since the date of the divorce, she financially aided her son in cash gifts exceeding $24,500. In her affidavit, she alleged that those gifts were made to her son so that he could continue working, pay child support and make mortgage payments.
The plaintiff attached an affidavit from William Geremia, a senior adjuster at Banker's Life, who stated that the $2,500 benefit paid by the employer and any additional benefit ($30,000) "are benefits provided under the Policy, and do not constitute separate insurance policies."
After hearing oral argument, the trial judge held that the plaintiff was entitled to $19,500 and the defendant was entitled to $13,000. The judge held that the additional insurance Mario bought was insurance acquired after the divorce. He based his holding on the fact that the additional insurance was voluntarily purchased by Mario and that there were no additional voluntary contributions by the employer. We agree with the holding and the reasoning of the trial judge.
In Brunnenmeyer v. Massachusetts Mutual Life Insurance Co. (1978), 66 Ill.App.3d 315, 23 Ill.Dec. 652, 384 N.E.2d 446, the appellate court held that a property settlement agreement, in which the insured agreed to name the minor children as beneficiaries of his life policy, gave the minor children an enforceable equitable right superior to that of the second wife who had been named the beneficiary of the deceased's policy.
In Lincoln National Life Insurance Co. v. Watson (1979), 71 Ill.App.3d 900, 28 Ill.Dec. 339, 390 N.E.2d 506, the appellate court held that equity required enforcement of the insured's obligation to maintain his son as a beneficiary of a certain policy, even though the son had never been named as a beneficiary. The court noted that resolution of the dispute between the first and second wives and the minor son necessarily rested upon a maxim of the law of equity: "`[E]quity regards as done that which ought to be done.' (See In re Estate of Krotzsch (1975), 60 Ill.2d 342, 326 N.E.2d 758, quoting Shay v. Penrose (1962), 25 Ill.2d 447, 449, 185 N.E.2d 218[, 220].)" Lincoln National, 71 Ill.App.3d at 902, 28 Ill.Dec. at 341, 390 N.E.2d at 508. The case the plaintiff depends upon most strongly is Schwass v. Schwass (1984), 126 *164 Ill.App.3d 512, 81 Ill.Dec. 835, 467 N.E.2d 957. In Schwass, the deceased and his first wife entered into a divorce settlement agreement which provided in part:
"That the said minor children be named as co-equal irrevocable beneficiaries on all existing policies in existence as of September 1, 1971, on the life of [the husband] and shall remain in force as such during the minority of said children."
At the time of the divorce and until his death, the husband was employed by Commonwealth Edison Company and was covered under two group life insurance policies. The amount of an insurance policy carried with Aetna Life Insurance Company was $24,000 and the amount of a policy carried with Traveler's Insurance Company was $2,000. At the time of the husband's death, the Traveler's coverage had been increased to $5,000 while the Aetna policy had been replaced by a different Aetna group policy, the benefits of which had increased to $63,000.
The deceased remarried in 1978. His second wife was named the beneficiary on the deceased's life insurance policies. The appellate court held in favor of the daughter reasoning thus:
"[T]he language of the agreement provided that decedent's minor children were to be beneficiaries of the insurance policies, not of any specified dollar amount. The amounts of insurance coverage provided under the group policies increased as the employee's salary and length of employment increased. Since beneficiaries of a policy generally are entitled to the entire proceeds and nothing in the record suggests that the parties intended anything other than what was said in the agreement, that the minor children were to be the beneficiaries of the policies, we find that [the daughter] was entitled to her proportionate share of the entire proceeds distributed to defendant." 126 Ill.App.3d at 517, 81 Ill.Dec. at 840, 467 N.E.2d at 962.
There is, as the trial judge in the case before us noted, a crucial distinction between the Schwass case and this case. In Schwass the deceased paid nothing for the additional coverage. In this case the deceased paid a higher premium for the additional coverage.
The defendant recognizes that under Brunnenmeyer, Lincoln National and Schwass, the plaintiff is entitled to $19,500; she insists, however, that the plaintiff's recovery is limited to that amount because that was the amount of the insurance at the time of the settlement agreement.
The principal case relied upon by the defendant is McWhite v. Equitable Life Assurance Society (1986), 141 Ill.App.3d 855, 96 Ill.Dec. 105, 490 N.E.2d 1310. In McWhite, the judgment of dissolution required the decedent to "name the minor child of the parties as irrevocable beneficiary in any and all life insurance policies maintained by his employer * * *." (McWhite, 141 Ill.App.3d at 857, 96 Ill.Dec. at 107, 490 N.E.2d at 1312.) At the time of the divorce, the decedent's employer paid for $40,000 in group life insurance benefits and the decedent had an additional $40,000 in group life insurance coverage for which the premium was deducted from his payroll earnings. After the divorce, the decedent purchased through his employer, two additional life insurance policies: one for $20,000 of basic life coverage and another for $200,000 of accidental life coverage. Two years later, the decedent married his second wife and executed a change of beneficiary form to include her as the co-beneficiary of his policies.
The first wife brought an action on behalf of her minor son to recover the proceeds from all of the policies. After the $80,000 in group life insurance proceeds was deposited by the insurer, the trial judge granted summary judgment in favor of the first wife as the guardian of the child's estate for the $80,000 for the policies which were in effect at the time of the divorce. That ruling was not part of the appeal. The parties were contesting the $220,000 in benefits that was acquired after the date of the divorce.
The second wife argued that she had a superior equitable interest in the after-acquired proceeds and that the minor child's equitable interest was limited to the policies in force at the time of the judgment of dissolution. The first wife argued that, under *165 the reasoning of Schwass, the minor child had a superior equitable interest in all four policies. The appellate court held that, since the decedent's son had no equitable interest in the additional policies on the divorce date, he did not have an equitable interest in them at the time of the decedent's death.
The appellate court invoked the general rule that, when interpreting the provisions of a divorce judgment, the court seeks to give effect to the apparent intent of the trial judge who approved the settlement and the interpretation of the parties and that the normal rules pertaining to the construction of contracts is applied. The court rejected the construction of the agreement advanced by the first wife that there was no distinction between policies paid for by the employer and policies voluntarily purchased and paid for by the deceased. The court said:
"[The second wife's] position would have eliminated [the deceased's] ability to purchase from his employer any additional protection for a beneficiary not already named in the divorce decree. Under this interpretation, the named beneficiary's superior equitable interest would have immediately attached to the proceeds of such a policy. We do not read the divorce judgment in this case to limit [the deceased] so severely or to so broadly construe [the son's] equitable interest." (McWhite, 141 Ill.App.3d at 865, 96 Ill.Dec. at 115, 490 N.E.2d at 1320.)
We believe that the reasoning of the McWhite case is applicable here and that the distinction the plaintiff seeks to draw between successor policies and additional policies is an artificial one.
We note that the agreement required each party to maintain a life insurance policy through their "present or future employer naming the minor child as irrevocable beneficiary." (Emphasis added.) It is obvious that the parties contemplated that the deceased might be employed later by someone other than Cook County. That being so, the parties recognized that the deceased would be covered at that time by a policy separate and distinct from the policy he was covered by at the time of the dissolution agreement.
The only reasonable interpretation, therefore, is that the wife who was party to the divorce settlement was concerned with an amount rather than with a specific policy.
For these reasons, we conclude that the trial judge properly interpreted the agreement and properly entered judgment for $13,000 for the defendant.
Judgment affirmed.
McNAMARA and RAKOWSKI, JJ., concur.