DELORES SMITHBERG, Plaintiff and Counterdefendant-Appellee, v. ILLINOIS MUNICIPAL RETIREMENT FUND, Defendant and Counterplaintiff and Counterdefendant (Nancy Smithberg, Counterdefendant and Counterplaintiff-Appellant).

Third District   No. 3—98—0983

Opinion filed August 13, 1999.—Rehearing denied September 15, 1999.

Robert S. Krockey (argued) and Scott Pyles, both of Block, Krockey, Cernugel & Cowgill, P.C., of Joliet, and David M. Jaffe, of Jaffe, O'Connor, Cunnington, Burnett & Shapiro, of Kankakee, for appellant.

Gwendolyn J. Sterk (argued), of Goldstine, Skrodzki, Russian, Nemec & Hoff, Ltd., of Burr Ridge, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Delores Smithberg, the widow of James Smithberg, and Nancy Smithberg, James' first wife, each claim to be the rightful beneficiary

of James' Illinois Municipal Retirement Fund (IMRF) pension death benefit. Delores filed a complaint against the IMRF seeking a declaratory judgment that she is the rightful beneficiary. IMRF interpleaded the death benefit between Delores and Nancy. On cross-motions for summary judgment, the trial court ruled that Delores is the rightful beneficiary. On appeal, Nancy contends: (1) that she is entitled to the death benefit, despite the fact that James named Delores as the beneficiary, because the terms of the judgment dissolving her marriage to James required James to name her as the beneficiary; and (2) that James' actions immediately before his death evince his intent to name Nancy as the beneficiary and constitute substantial compliance with IMRF's procedures for naming a beneficiary. For the reasons that follow, we reverse and remand with directions that summary judgment be entered in favor of Nancy.

James and Nancy were married in 1963. During the marriage, James was an employee of the Village of Romeoville (the Village). As a condition of his employment, James contributed to the IMRF. James and Nancy divorced in 1996. Incorporated into the judgment of dissolution is a marital settlement agreement by which James agrees to nominate Nancy as the sole beneficiary of his IMRF death benefit and Nancy agrees to waive her right to James' other retirement benefits.

Subsequently, James married Delores. In June 1997, and again in January 1998, James designated Delores as the sole beneficiary of the death benefit. Upon learning of James' action, Nancy filed a petition for rule to show cause why James should not be held in contempt for his willful violation of the judgment of dissolution. In her petition, Nancy asked the court to order James to name her as the beneficiary and to contribute to the attorney fees and costs incurred in prosecuting the petition. Nancy set the petition for hearing on February 19, 1998.

On February 18, James' attorney, Raymond Meader, sent Nancy's attorneys a letter stating that he would ask his client to sign the forms necessary to name Nancy the beneficiary and that, once executed, he would forward these forms to the Village, which would then pass them on to the IMRF. James and Nancy agreed to continue the contempt proceedings to March 12.

On February 20, James executed the form necessary to name Nancy the beneficiary of the IMRF death benefit. However, James instructed Meader not to send the form to the IMRF until the issue of attorney fees and costs in the contempt proceedings and the availability of certain IMRF benefit options had been resolved. On February 24, Meader delivered the executed designation of beneficiary form to the Village employee responsible for IMRF matters with instruc-

tions that the form should not be forwarded to the IMRF until Meader had told her to do so.

James died early on the morning of February 25. At the time of James' death, neither the attorney fees issue nor the benefit options issue had been resolved and Meader had not instructed the Village to forward the designation of beneficiary form to the IMRF. Later, at the request of the IMRF, the Village forwarded the designation of beneficiary form to the IMRF.

Delores filed a declaratory judgment action against the IMRF seeking a declaration that she is the rightful beneficiary of the death benefit. In response, the IMRF interpleaded the death benefit between Delores and Nancy. Nancy filed a countercomplaint for declaratory judgment. Both Delores and Nancy filed motions for summary judgment. The trial court granted Delores summary judgment. In so ruling, the trial court found that the Village's delivery to the IMRF of the designation of beneficiary form, in violation of James' express instructions, was insufficient to establish James' intent to name Nancy as the beneficiary.

On appeal, Nancy maintains that she is entitled to summary judgment because the terms of the judgment dissolving her marriage to James required James to name her as the beneficiary of his death benefit. Delores argues that the trial court correctly granted summary judgment in her favor because the trial court could not order the IMRF to pay Nancy the death benefit in light of the protection afforded public pensions under the Illinois Constitution and a statutory provision prohibiting alienation of IMRF pension benefits.

■ Summary judgment shall be entered where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996). In ruling on a summary judgment motion, the trial court must construe the pleadings, depositions, and affidavits strictly against the moving party and in favor of the opposing party. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 693 N.E.2d 358 (1998). A trial court's ruling on a motion for summary judgment is subject to *de novo* review. *Dowd & Dowd, Ltd.*, 181 Ill. 2d 460, 693 N.E.2d 358.

■ Section 5 of article XIII of the Illinois Constitution of 1970 provides that membership in a public pension fund shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired. Ill. Const. 1970, art. XIII, § 5. Courts have construed this provision as a guarantee that all public pension benefits are to be determined under a contractual theory rather than being treated as mere gratuities as some pensions had been previously. *Bud-*

*dell v. Board of Trustees*, 118 Ill. 2d 99, 514 N.E.2d 184 (1987). Statutory pension rights cannot be altered, modified, or released except in accordance with usual contract principles. *Buddell*, 118 Ill. 2d 99, 514 N.E.2d 184. Thus, the constitutional protection afforded public pensions extends as far as the pension rights conferred by statute and contract.

■ The IMRF is a public pension fund established under article 7 of the Illinois Pension Code (the Code) (40 ILCS 5/1—101 *et seq.* (West 1996)). Like other statutes establishing funds under the Code, the IMRF statute contains a provision broadly prohibiting alienation of benefits payable to participating employees. 40 ILCS 5/7—217 (West 1996). It has become well established that such provisions prevent a court from ordering a pension fund to pay benefits directly to a nonemployee ex-spouse of a participating employee. *In re Marriage of Papeck*, 95 Ill. App. 3d 624, 420 N.E.2d 528 (1981). Equally well established, however, is the rule that a court may order a participating employee to pay an equitable portion of his pension annuity to his nonemployee ex-spouse. *In re Marriage of Roehn*, 216 Ill. App. 3d 891, 576 N.E.2d 560 (1991). This indirect arrangement for distributing pension benefits to a nonemployee ex-spouse is known as the "triangular" method. See *In re Marriage of Krane*, 288 Ill. App. 3d 608, 681 N.E.2d 609 (1997).

■ Here, the judgment of dissolution ordered James to name Nancy as the beneficiary of his IMRF death benefit. Because the order is directed at James, rather than the IMRF, it is no more than another application of the approved "triangular" method for indirect distribution of pension benefits. We find no reason to distinguish between a court order that directs a pension participant to name his ex-spouse as beneficiary of a death benefit and a court order that directs a pension participant to pay his ex-spouse a portion of his pension annuity. Accordingly, the order does not contravene the IMRF's anti-alienation provision or, by extension, the Illinois Constitution.

Having determined that the divorce decree's terms relating to the IMRF death benefit were enforceable, we must now decide whether Nancy is entitled to the death benefit despite the fact that those terms were not enforced during James' lifetime. We believe this question is answered by the basic equitable principle that "equity regards as done that which ought to be done" (*Shay v. Penrose*, 25 Ill. 2d 447, 449, 185 N.E.2d 218, 220 (1962)). Under the terms of a valid judgment of dissolution, James was obligated to name Nancy as beneficiary of the IMRF death benefit. James' failure or refusal to name Nancy the beneficiary before his death did not leave the trial court powerless to enforce Nancy's equitable right to the death benefit. To the contrary,

equity required that the trial court consider the designation of Nancy as the beneficiary an accomplished fact and, consequently, her equitable right to the death benefit superior to Delores' claim. See *Lincoln National Life Insurance Co. v. Watson*, 71 Ill. App. 3d 900, 390 N.E.2d 506 (1979). Therefore, we reverse the judgment of the trial court and remand with directions that summary judgment be entered in favor of Nancy.

In light of our disposition of Nancy's first claim of error, it is unnecessary to address her claim that James attempted to designate her the beneficiary of the death benefit immediately before his death and that his actions constituted substantial compliance with IMRF procedures for designating a beneficiary. Accordingly, we do not address her second issue on appeal.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the cause remanded with directions that summary judgment be entered in favor of Nancy Smithberg.

Reversed and remanded with directions.

HOMER and LYTTON, JJ., concur.