## Ida B. Gillham, Appellee, v. Byrd O. Estes, Appellant.

INSURANCE—*when proceeds charged with equitable lien.* Money advanced by reason of an agreement, to be secured by a life insurance policy to be obtained, will be protected and impressed as an equitable lien against the fund accruing upon the death of the insured where the insured has caused the original beneficiary named in such policy to be changed.

Bill in chancery. Appeal from the Circuit Court of Scott county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded with directions. Opinion filed October 18, 1910.

W. O. L. JEWETT and J. A. WARREN, for appellant.

J. M. RIGGS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by Byrd O. Estes, from a decree rendered upon a bill filed by Ida B. Gillham, appellee. The controversy arose out of the following facts: In the month of October, 1905, the complainant, Ida B. Gillham, the aunt of Hubert B. Estes, a young unmarried man without means, and in debt, agreed to furnish or assist him in obtaining money to pay his debts and to defray his expenses while completing his business education, upon condition that he should indemnify and secure her by procuring a policy of insurance upon his life, in the sum of $2,000. On November 14, 1905, pursuant to said arrangement, Hubert procured a policy of life insurance in the Mutual Benefit Insurance Company for the sum of $2,000, payable to Ella Estes, his mother, if she survived him, and then to complainant, and if neither survived, to his heirs and assigns. It was mutually agreed by Hubert, his mother and complainant, that in the event of his death before that of complainant and the payment of the proceeds of the policy to his mother, the latter should indemnify the complainant as hereinbefore stated.

The insurance policy was delivered to the complainant, who afterward paid premiums on the same amounting to $174.80. She also borrowed the sum of $500, the proceeds of which were furnished to Hubert, which loan she afterward repaid with interest, and also became liable to pay for supplies furnished him, the sum of $127. With the money so received from the complainant, Hubert paid his debts and completed his education. Thereafter he married appellant, Byrd O. Estes. Prior to the marriage, complainant informed appellant of the indebtedness of her prospective husband to her. Appellant thereupon stated to complainant that she expected to receive $1,000 from her father upon her marriage, and would apply the same upon

such indebtedness, upon condition that $1,000 of the life insurance in question should be assigned to her. Appellant failed, however, to make such payment. Thereafter, without the consent of complainant, or Ella Estes, the original beneficiary thereunder, at the request of the insured the policy was changed by the insurance company so as to provide that $2,000 of the proceeds should be payable to appellant and Ella Estes, share and share alike, or to the survivor of them, in case either survived the insured; otherwise to the insured, his executors, administrators or assigns. Hubert Estes died insolvent, April 15, 1908, without having repaid to complainant the money advanced by her to him, or his indebtedness for which she was liable, the total amount of which, with interest, exceeded the sum of $1,400.

The insurance company interpleaded in the cause and deposited the proceeds of the policy, $2,002.79, in a bank, subject to the order of court.

The chancellor found that notwithstanding under the terms of the policy the insured had the right to change the beneficiary, inasmuch as appellant had failed to pay appellee the sum of $1,000 according to her agreement, and appellee did not consent to the change, the insurance company had no right to make the change, and the same was nugatory; that appellant was therefore not entitled to any of the proceeds of said policy, and that the same be paid to Ella Estes, to be disposed of by her according to the agreement and understanding among her, Hubert and appellee.

The decree upon the interpleader was right, and is affirmed. The decree distributing the proceeds, however, was erroneous, in that it provided that the entire amount should be paid to Ella Estes. We hold that under the agreement in question, appellee, Ida B. Gillham, had a vested interest in the policy to the extent of the indebtedness of the assured to her accruing under the terms of the agreement among the parties. The attempt to change it without her consent was nugatory.

Royal Arcanum v. Tracy, 169 Ill. 123. Subject, however, to such rights, we are of opinion that he could legally designate a new beneficiary, and that the change operated to transfer to appellant the remainder of the benefit. Under the terms of the agreement in question, after the attempted change as to beneficiary, Ella Estes became but a trustee for appellee, and had no beneficial interest in the policy. Her consent to such change was not required. The decree should have provided that out of the proceeds of the policy, appellee should be reimbursed, and that the balance remaining be paid to appellant.

The costs of appellee's additional abstract will be taxed to appellant, and the remainder of the costs of this court to appellee.

The decree of the Circuit Court is reversed and the cause remanded with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded.*