**AETNA LIFE INSURANCE COMPANY,**
a corporation, Plaintiff,

v.

**Lillian S. PATTON, Peter Rettenmeier and Ethel Pomeroy, Defendants.**

**No. P-2145.**

United States District Court
S. D. Illinois, N. D.

Sept. 4, 1959.

Cassidy & Cassidy, Peoria, Ill., for plaintiff.

Frank Schubert, Rock Island, Ill., for defendant Pomeroy.

Reidy, Katz, McAndrews, Durkee & Telleen, Rock Island, Ill., for defendant Rettenmeier.

Coyle, Stengel & Gilman, Rock Island, Ill., for defendant Patton.

MERCER, Chief Judge.

Plaintiff has filed its complaint for interpleader pursuant to the provisions of Title 28 U.S.C. § 1335, and the cause has been heard by the court. Plaintiff, a Connecticut corporation, on November 24, 1944, insured David F. Fauble under Group Policy No. 0102, insuring employees of International Harvester Company, in the amount of $2,800, and on August 10, 1953 issued its life insurance policy No. 52000 upon the life of David F. Fauble in the amount of $4,000. Under both policies Mr. Fauble had the privilege of changing his designation of beneficiaries at any time and such change would take effect as of the date of execution of the request, whether or not the insured was living at the time request was filed at the office of plaintiff, and it was not necessary that the named beneficiary be related to the insured.

At the time of the issuance of both policies, in the years of 1944 and 1953, Mr. Fauble named as his beneficiary, Lillian N. Stafford, now known as Lillian B. Patton, one of the defendants herein. On March 12, 1958, the insured changed the beneficiary designation on both policies to the defendant, Peter Rettenmeier, and on the next day, March 13, 1958, again changed the beneficiary designation on both policies to the defendant, Ethel Pomeroy. On March 17, 1958 the insured, David F. Fauble, died from natural causes.

Each of the defendants claim to be the only person entitled to receive payment of the amounts of the policies and each made demand for payment. The defendant Patton contends that any beneficiary must have an insurable interest under said policies and further, in the event a contrary provision exists in said policies, as it does in the policies under consideration in this case, said provision is void as against public policy; said defendant Patton further contends that any change of beneficiary designation was obtained by undue influence while the insured was fatally ill and hospitalized. The defendant Rettenmeier also contends that the change of beneficiary on March 13, 1958 in favor of defendant Pomeroy was done by reason of the undue influence exerted by Ethel Pomeroy upon Mr. Fauble while he was in extremely critical health. The defendant Pomeroy admitted all the allegations in the complaint and by virtue thereof prays that the payment of the proceeds be made to her.

As a general proposition, every person has an insurable interest in his own life and may, in the absence of statute, insure it in good faith for the benefit of any person whom he sees fit to name as beneficiary, regardless of whether such person has an insurable interest in his life. The situation in the present case is unlike the one wherein a person having no insurable interest in the life of another insures the other person's life. Such a policy has been held void on the grounds of public policy. Where the beneficiary of a life policy does not have a vested interest, the insured may change his beneficiary at will or legally assign it to a person having no insurable inter-

est in his life. Hawley v. Aetna Life Insurance Co., 291 Ill. 28, 125 N.E. 707. I find no merit in the contention that the beneficiary in this case must have an insurable interest or in the contention that in the event a contrary provision exists in the policy, as it does in the policies involved in this case, that said provisions are void as against the public policy of Illinois.

In this case the insured effected the change of beneficiary and the change was made by the company in accordance with the provisions of the policies. The sole question remaining is the question of undue influence. Where original beneficiaries attempt to set aside a change of beneficiaries on the grounds of undue influence, the burden is upon them to prove their allegations. Trust Company of Chicago v. Saloman, 338 Ill. App. 658, 88 N.E.2d 334. I find that there was no undue influence established in this case. The testimony of the witness, Clyde Young, discloses that at the time the change of beneficiary was made on March 13, 1958, he discussed the matter fully with Mr. Fauble, reminding him of the fact that he, Fauble, had made a change on the day before. In response to this Mr. Fauble responded that he had "changed his mind." It is also established that the defendant Pomeroy was not present at the time this change was made. The evidence discloses that although the insured was in a precarious condition of health, he was mentally alert and carried on intelligent conversation with Mr. Young, Nurse Duberg, defendant Rettenmeier and Mrs. Rettenmeier. Certain testimony was offered and admitted subject to the objection of defendant Pomeroy, on the question of undue influence. The court overrules the objections and admits this testimony. This testimony consists of statements made by Fauble to Rettenmeier that Pomeroy wanted him to sign over his insurance to her; that Fauble was in the doghouse with Ethel (Pomeroy) for signing the insurance over to Rettenmeier; that Pomeroy told Fauble that Patton had not done anything for him for twenty-five years and that she (Patton) didn't love him. Further testimony disclosed that on March 12, 1958, when they were both sitting outside Fauble's hospital room, Pomeroy told Rettenmeier, "We'll just wait and see," meaning as to who the beneficiary of Fauble's insurance is. This testimony falls far short of establishing undue influence. Undue influence that will avoid the change of beneficiary to Pomeroy must be directly connected with the execution of the change and must be operative when the change was made. The influence must be directed toward procuring the change in favor of Pomeroy and be such as to destroy the freedom of the insured's will and purpose, thereby making the change of beneficiary more the intent of another than that of the insured himself.

The proof of undue influence in this case is not reasonably clear and convincing. It is not enough that it justify a suspicion, conjecture or possibility. There is no evidence whatever that any undue influence was directly connected with the execution of the change of beneficiary and operative when the change was made on March 13, 1958. The fact that the insured was suffering from an incurable disease falls short of constituting substantial evidence that he did not understand the nature and effect of the transactions or was mentally incapacitated to make a change of beneficiary.

I find the issues in favor of the beneficiary, Ethel Pomeroy, and it is ordered that she be paid the proceeds heretofore paid into court by the plaintiff herein. This opinion constitutes a finding of facts and conclusions of law as contemplated by our rules of civil procedure.