CHLOE M. BRUNNENMEYER *et al.*, Plaintiffs-Appellees, *v.*
MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Defendant and
Third-Party Plaintiff-Appellee.—(MARILEE A. BRUNNENMEYER *et al.*, Third-Party Defendants-Appellants.)

Third District    No. 78-134

Opinion filed December 13, 1978.—Rehearing denied January 22, 1979.

Arthur R. Kingery, of Strodel & Kingery, Assoc., of Peoria, for appellants.

Brian M. Nemenoff, of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a summary judgment entered by the circuit court of Peoria County.

On November 29, 1973, Marilee A. Brunnenmeyer (hereinafter known as Marilee) and Jack A. Brunnenmeyer (hereinafter known as Brunnenmeyer) were divorced. The divorce decree ordered that the parties perform "each and every provisions of the written agreement approved by this Court." The agreement recited that it was "in consideration of the mutual promises and other good and valuable consideration hereto expressed." It further provided that:

"The Husband shall keep in full force and effect life insurance

policies on the Husband's life in the minimum net amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, and will maintain the parties' minor children as beneficiaries until such time as the youngest child attains the age of eighteen (18) years, at which time it is agreed by and between the parties hereto said Husband is free to do with said policies as he wishes. The policy herein referred to is Policy No. 4,049,570 3,881,978 3,755,821, and 3,751,874 with the Massachusetts Life Insurance Co."

The agreement also provided that Brunnenmeyer would pay for the college educations of the minor children.

The minor children of the parties were Eric, born July 2, 1960, and Heidi, born October 4, 1962. Both children were under the age of eighteen at the time of Brunnenmeyer's death.

Brunnenmeyer had purchased the policies during the years 1962 and 1964. All initially designated Marilee as primary beneficiary with the minor children as secondary beneficiaries. On March 28, 1975, the beneficiaries on the policies were changed to the minor children as primary beneficiaries with Brunnenmeyer's second wife, Chloe Brunnenmeyer (hereinafter known as Chloe), as secondary beneficiary. On February 28, 1977, a further change of beneficiary was executed designating Chloe and the First National Bank of Peoria, trustee (of a trust for the benefit of the minor children), as beneficiaries.

During 1976 Brunnenmeyer developed terminal cancer. He took loans on the policies so that the proceeds at his death on March 29, 1977, were $76,065.79, considerably less than the fact amount of $100,000 required by the decree.

On June 2, 1977, Chloe and the First National Bank of Peoria filed suit against Massachusetts Mutual Life Insurance Co. to obtain the proceeds of the policies. Massachusetts Mutual filed a counterclaim to interplead and joined as third-party defendants Eric, Heidi, and Marilee Brunnenmeyer. Eric and Heidi, through their mother, had made a formal claim to the money on May 3, 1977.

All the parties filed motions for summary judgment. The court granted the motion of Massachusetts Mutual and took the other motions under advisement. The motion of Chloe and the First National Bank was later granted and a judgment order was entered without the knowledge of Marilee. The entire proceeds of the insurance policies were paid to the clerk of the circuit court who, on the same day and without the knowledge of Marilee, paid the entire proceeds to Chloe and the First National Bank. A motion to reconsider filed by Marilee was denied. A petition for stay of enforcement pending appeal filed by Marilee was also denied.

Marilee raises two issues on appeal: (1) the trial court erred in

awarding the proceeds of life insurance policies to named beneficiaries changed in violation of the terms of a property settlement agreement which was incorporated into a divorce decree; (2) the third-party defendants-appellants were entitled to apply for a stay of enforcement pending appeal.

■■ It is the general rule in the State of Illinois that an insured may change the beneficiary of his life insurance policy if that right is reserved to him. (*Aetna Life Insurance Co. v. Patton* (S.D. Ill. 1959), 176 F. Supp. 368.) It is also the general rule that the beneficiary of a life insurance policy has no vested right to the proceeds of the policy before the death of the insured; he has a mere expectation subject to revocation. (*Davis v. Metropolitan Life Insurance Co.* (1936), 285 Ill. App. 398, 2 N.E.2d 141; *Cook v. Pullman Co.* (1944), 321 Ill. App. 302, 53 N.E.2d 55.) A beneficiary may, however, acquire a vested interest in the proceeds of the life insurance policy if he gives valuable consideration in return for the promise of the insured that the insured will name him beneficiary. (*Gillham v. Estes* (1910), 158 Ill. App. 211; *Nell v. Nell* (1924), 234 Ill. App. 164; *Columbian Circle v. Mudra* (1921), 298 Ill. 599; *Sun Life Assurance Co. of Canada v. Hoy* (E.D. Ill. 1959), 174 F. Supp. 859.) The beneficiary named as a result of such an agreement has an equitable right which will be enforced as against any other named beneficiary except one who has a superior equitable right. *Sun Life v. Hoy.*

■■ In the instant case, the insured Brunnenmeyer, as part of a property settlement agreement which had been incorporated into a divorce decree, agreed to name his minor children as beneficiaries of his life insurance policy. Later, in violation of that agreement, he changed the beneficiary so that the proceeds from the policy were divided between his second wife, Chloe, and a trust for the benefit of his minor children. We believe that the property settlement agreement gave the minor children an equitable right which could be enforced.

Chloe attempted to justify the change of beneficiary by saying that Brunnenmeyer was ill for a long period of time before his death; that he required costly care; that she had limited financial resources; that Brunnenmeyer was destitute at the time of his death; that the children had grown older and as such required less support; that the divorce decree providing that the minor children were to be beneficiaries was predicated on Brunnenmeyer's financial soundness at the time the decree was entered, and that the payment of bills for hospital care of Brunnenmeyer was of overriding importance and that the minor children had other resources available to them.

■■ We have carefully examined the reasons stated by Chloe and fail to find that she has stated a superior equitable right to the right of the children.

■■ Chloe also argues that the circuit court had no jurisdiction to determine the minor children have an equitable right to the proceeds of the life insurance policy because they have not shown they have no adequate remedy at law. She cites *Johnson v. North American Life and Casualty Co.* (1968), 100 Ill. App. 2d 212, 241 N.E.2d 332, in support of her theory. Marilee cites the same case in support of the opposing theory. In view of our ruling we will not discuss that case at length. We state only that a proper reading of the *Johnson* case will disclose that where a party seeks a particular fund, such as the proceeds of an insurance policy, rather than a mere money judgment, he need not show there is no adequate remedy at law in order to submit the cause to equity jurisdiction.

After an examination of the facts in the instant case and an analyzation of the law that is applicable to them we conclude that the minor children of Brunnenmeyer have an equitable interest in all of the proceeds of the life insurance policy which is superior to that of Chloe and the trustee, the First National Bank of Peoria.

Marilee also raised the issue regarding the conduct of the attorney for Chloe and the First National Bank and also the conduct of the clerk of the circuit court of Peoria County, which in effect denied Marilee her right to a stay of execution pending appeal. We have examined the record and the briefs in regard to that issue. We believe that the circuit court should examine the record and contention of Marilee, and take whatever action is necessary, if any, against the attorney and the clerk of the circuit court in order to insure that the superior equitable rights of the minor children are protected.

For the reasons stated above, the judgment of the circuit court of Peoria County is hereby reversed and the cause is remanded with instructions that the court make its finding in accordance with this opinion.

Reversed and remanded with directions.

BARRY, P. J., and STOUDER, J., concur.