■ BEVERLY GIRARDI, Respondent, v ALBERT GIRARDI, Appellant

The Supreme Court did not abuse its discretion in awarding the plaintiff the aggregate sum of $210 per week as temporary maintenance and child support. Due consideration was given to the needs of the plaintiff and the children and the defendant's financial ability to provide for those needs *(see, Richards v Richards,* 130 AD2d 642; *Stern v Stern,* 106 AD2d 631; *Van Ess v Van Ess,* 100 AD2d 848).

We further find, based upon the financial information submitted thus far, that the Supreme Court did not err in requiring that the defendant pay for certain expenses associated with the upkeep of the marital residence, pending final resolution of this action.

Equally unavailing is the defendant's contention that the court erroneously restrained him from disposing of certain marital assets, to wit, the parties' restaurant, pending further direction of the court. The court acted providently in attempting to preserve the status quo with an aim toward ensuring that the marital assets will, ultimately, be equitably divided in accordance with the standards enunciated in the Domestic Relations Law, after the subject property has been fairly appraised *(see, Chosed v Chosed,* 116 AD2d 690; *see also, Schlosberg v Schlosberg,* 130 AD2d 735). We note that the aforementioned provision does not preclude the sale of the restaurant but merely requires court approval thereof.

We find, however, that the Supreme Court should not have declined to set forth a specific schedule for visitation pendente lite *(see, Pincus v Pincus,* 138 AD2d 687; *Mahler v Mahler,* 72 AD2d 739; *Eylman v Eylman,* 23 AD2d 495). Accordingly, the order appealed from is modified to the extent indicated above. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.