JOAN M. GLEED vs. PAMELA A. NOON.

Essex. April 5, 1993. - June 10, 1993.

Present: LIACOS. C.J.. WILKINS, LYNCH. O'CONNOR, & GREANEY. JJ.

*Divorce and Separation*, Division of property. *Injunction. Insurance*, Life insurance: change of beneficiary.

A Probate Court judge's temporary restraining order, prohibiting the parties from transferring or otherwise disposing of their marital assets while their divorce action was pending, did not operate to prevent the husband from changing the beneficiary of his life insurance policy, pension plan and individual retirement account, where he retained ownership of those assets so that they remained subject to division in the divorce proceeding. [499-501]

CIVIL ACTION commenced in the Essex Division of the Probate and Family Court Department on February 12, 1991.

The case was heard by *Christina L. Harms*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Mark I. Zarrow* for the defendant.

*Robert A. Jutras* for the plaintiff.

LYNCH, J. This appeal raises the question whether a Probate Court's temporary restraining order, prohibiting each spouse from transferring or otherwise disposing of their marital assets while their divorce was pending, prevented the husband from changing the beneficiary on his life insurance policy, pension plan, and individual retirement account (IRA). The plaintiff, Joan M. Gleed, sought a declaration in the Essex County Probate and Family Court against Pamela A. Noon (daughter of the plaintiff and her deceased husband), Donaldson, Lufkin & Jenrette Securities Corporation (manager of the employee pension plan and IRA), and the Metro-

politan Life Insurance Company (insurer on the life insurance policy), that the change of beneficiaries from the plaintiff to Noon was void. The judge entered a declaratory judgment in favor of the plaintiff. Noon appealed and we granted her application for direct appellate review. We now reverse the declaratory judgment.

The facts are not in dispute. The plaintiff and William H. Gleed (decedent) were married in 1949 and remained husband and wife up to and including the time of his death on June 27, 1990. The decedent's will was offered and allowed for probate, and the plaintiff was named executrix. She is the sole beneficiary under the will. The decedent purchased a life insurance policy in 1958, established an employee pension plan in 1985, and invested in an IRA in 1986. The designated beneficiary on all of these had been the plaintiff.

On or about November 3, 1989, the decedent commenced a divorce action against the plaintiff. Temporary orders issued on November 6, 1989, and November 15, 1989, restraining the plaintiff and the decedent from "withdrawing, transferring, conveying, assigning, spending, encumbering, pledging, bequeathing or otherwise divesting themselves of any assets in which they have acquired an interest during their marriage to each other and which are subject to division by [the Probate Court] in accordance with [G. L. c. 208, § 34]." The assets so restrained included "[a]ny property rights in any pension, profit sharing plan, IRA or Keough plan."

In January of 1990, the decedent changed the beneficiary on his employee pension plan and life insurance policy from the plaintiff to the defendant. On March 5, 1990, the decedent changed the beneficiary of his IRA to the defendant.

The plaintiff argues that the decedent violated the temporary restraining order when he changed the beneficiaries on his life insurance policy, pension plan, and IRA from the plaintiff to the defendant. For the decedent to be found in violation of the temporary restraining order, there must be a "clear and unequivocal command and an equally clear and undoubted disobedience." *Nickerson* v. *Dowd*, 342 Mass.

462, 464 (1961). In this case the order did not specifically prohibit, restrain, or prevent the decedent from changing the beneficiary on any of his policies or accounts and the decedent could not have been guilty of contempt for doing so if he had survived. Absent a specific court order preventing or prohibiting the beneficiary change, the decedent had the right to change the beneficiary designation on the pension plan, IRA, and life insurance policy while retaining ownership in compliance with the injunction. See *Oswald* v. *Olds*, 342 Pa. Super. 495, 499 (1985), citing *Provident Mut. Ins. Co.* v. *Ehrlich*, 508 F.2d 129, 134 (3d Cir. 1975).[1] See also Annot., 68 A.L.R. 4th 929, 934-936 (1989 & Supp. 1992).

A change of beneficiary on a policy or a plan is not a conveyance, transfer, or disposal of the proceeds because they are not acquired until the death or retirement of the insured. See 4 Couch, Insurance § 27:62 (rev. 2d ed. 1984). See also *Lindsey* v. *Lindsey*, 342 Pa. Super. 72, 76-77 (1985); *Bishop* v. *Eckhard*, 607 S.W.2d 716, 717-718 (Mo. Ct. App. 1980). A beneficiary's interest is a conditional interest subject to defeasance until the death of the insured. See *Strachan* v. *Prudential Ins. Co.*, 321 Mass. 507, 509-510 (1947); *Kruger* v. *John Hancock Mut. Life Ins. Co.*, 298 Mass. 124, 126 (1937). The beneficiary is only entitled to receive proceeds from a policy if the insured dies without changing the beneficiary designation. *Metropolitan Life Ins. Co.* v. *Tallent*, 445 N.E.2d 990, 992 (Ind. 1983). See 4 Couch, Insurance, *supra* at § 27:63. Similarly, changing the beneficiary on the pen-

---

[1] We are unpersuaded by the cases on which the plaintiff relies for support because of factual differences in the orders. See *Candler* v. *Donaldson*, 272 F.2d 374, 376-377 (6th Cir. 1959) (order expressly directed insured to maintain all insurance policies during pendency of divorce; subsequent change of beneficiary, therefore, violated court order); *Standard Ins. Co.* v. *Schwalbe*, 110 Wash. 2d 520, 522 (1988) (preliminary injunction specifically ordered parties not to change entitlement on life insurance policy); *Wiltz* v. *John Hancock Mut. Life Ins. Co.*, 58 Mich. App. 604, 605 (1975) (divorce decree specifically provided that insured was not to change beneficiary to any policies); *Webb* v. *Webb*, 375 Mich. 624, 625 (1965) (enumerated within complaint and addressed in restraining order was prohibition from changing beneficiary on life insurance policy and retirement annuity contract).

sion plan and IRA did not divest the decedent of his retirement benefits as he remained the owner. Both before and after the change of beneficiary, therefore, these assets remained subject to division by a judge in the pending divorce proceeding. Since there was no violation of the order, the Probate Court erred in declaring judgment for the plaintiff.

*Judgment reversed.*