OPINION OF THE COURT
C. Raymond Radigan, J.
In a proceeding brought pursuant to SCPA 2103 to recover part of the proceeds of a life insurance policy, the executrix moves for summary judgment against respondents, Sheila Tanenblatt, decedent’s former spouse and William Penn Life Insurance Company.
As part of their divorce settlement decedent and his former spouse, Sheila Tanenblatt, entered into a separation agreement under which he agreed to pay her $769.23 per week for a period of five years ending August 31, 1995 or until the death of either party, whichever event occurred earlier. As security for the payments, decedent agreed to take out and maintain a policy of insurance on his life, naming Sheila as beneficiary in the initial sum of $200,000, "such sum being subject to decrease to equal the amount of the remaining payments due Sheila.” The agreement specified decedent’s obligation to maintain the insurance policy shall terminate at the same time as his obligation to make weekly payments ceased.
At the time of decedent’s death the balance owed his ex-wife for maintenance was $105,000. Decedent had not reduced the face amount of the policy to coincide with the amount due under the separation agreement and his former wife as the named beneficiary was paid the full policy proceeds of $201,885.67. Her refusal to return the excess over $105,000 gave rise to this proceeding.
The answer interposed by respondent states she is not obligated either by the terms of the separation agreement or the insurance contract to return any money to the estate. Her counsel argues that decedent having failed to reduce the face amount of the policy must be deemed to have intended the *492 designated beneficiary to be entitled to the proceeds in accordance with section 3212 (b) (1) of the Insurance Law. The latter is an exemption statute insulating the proceeds of life insurance policies payable to a named beneficiary from the claims of creditors and others under specified circumstances. Is is not controlling under the factual circumstance present in this case.
As a rule, an insured has the right to designate the person who shall be the beneficiary under the insurance contract and such person is entitled to the insurance proceeds as a third-party beneficiary in accordance with the intention of the insured which is usually ascertained from the contract itself (2 Appleman, Insurance Law & Practice, § 771).
When a creditor is named as beneficiary by the insured, there is a conflict of authority as to the measure of the creditor’s recovery. One view limits the creditor to the amount of his debt with the balance in excess thereof inuring to the benefit of the insured’s estate (2 Appleman, id., § 851; 5 Couch, Insurance § 29:15 [2d ed 1984]). The minority view holds the creditor is entitled to the entire policy proceeds even where the proceeds exceed the amount of the debt and even though the debt has been paid (5 Couch, id., § 29:16). New York follows the minority viewpoint (Olmsted v Keyes, 85 NY 593, 598-599; Alperstein v National City Bank, 201 Misc 47) where the only evidence of the insured’s intent is found in his designation of a beneficiary.
In situations where the intention of the insured is ascertainable from evidence other than the insured’s mere designation of the beneficiary an exception to the rule in New York becomes operative. Thus, when the insured as part of a separation agreement or divorce undertakes to maintain his wife as the beneficiary of an insurance policy and subsequently breaches his agreement, the courts have consistently impressed a constructive trust on the policy proceeds to enforce the promise for the benefit of the former spouse (Markwica v Davis, 64 NY2d 38; Rogers v Rogers, 63 NY2d 582; Simonds v Simonds, 45 NY2d 233).
Although the circumstances of this case do not provide a basis for the imposition of a constructive trust, no reason exists to disregard the disclosed intention of the insured. The separation agreement leaves no doubt that the policy was intended to stand as security for the payment of the weekly sum due respondent over a five-year period. Had the decedent *493 assigned the policy to respondent as collateral security, the assignment would have simply created a lien in favor of the assignee to the extent of the debt owed (Males v New York Life Ins. Co., 48 AD2d 50) as the assignment in that case provides the evidence of the insured’s intent to limit the creditor to an interest in the policy proceeds that is coextensive with the indebtedness owed to him. Where the creditor is designated as the beneficiary by the insured, the application of a different ruling is not required so long as the intention of the insured to restrict the creditor’s interest in the policy proceeds is manifested.
The respondent former spouse is accordingly entitled to the proceeds of the policy solely to the extent of the balance of payments due her on decedent’s death. The branch of petitioner’s motion for summary judgment against this respondent is granted, her answer is stricken and judgment granted to petitioner for the sum in excess of the balance owed to respondent.
The respondent insurance carrier has submitted an answer stating that pursuant to the designation of beneficiary and the submissions of documents (which are not enumerated), it made payment of the policy proceeds to Sheila Tanenblatt. As a defense, the company pleads the payment pursuant to the terms of the policy relieves it of any further obligation. Section 3212 (e) (2) (A) of the Insurance Law supports the respondent’s defense by providing an insurer issuing such policy or contract shall be discharged of liability thereunder by making payment in accordance with its terms. The motion with respect to this respondent is therefore denied, and upon searching the record, the court awards such respondent summary judgment dismissing the petition without costs.