THOMPSON, Presiding Judge,
concurring in the result.
By deciding the issue whether a term life-insurance policy constitutes a marital asset, the main opinion goes further than I believe is necessary in resolving this appeal. Even if the term life-insurance policy at issue in this case constituted marital property, the husband’s change of beneficiary on the policy from the wife to the brother in no way constituted “removing and disposing” of that policy in violation of the trial court’s temporary restraining order.
Although it does not appear that either this court or our supreme court has addressed the question of what acts constitute removing and disposing of marital property in a case like the present one, courts in other jurisdictions have. See, e.g., Nicholas v. Nicholas, 277 Kan. 171, 83 P.3d 214 (2004); and Gleed v. Noon, 415 Mass. 498, 614 N.E.2d 676 (1993). In Gleed, the husband, who owned a life-insurance policy naming the wife as beneficiary, commenced an action for a divorce. While the action was pending, the probate court issued a temporary restraining order preventing the husband and the wife from, among other things, “ “withdrawing, transferring, conveying, assigning, spending, encumbering, pledging, bequeathing or otherwise divesting themselves of any assets in which they have acquired an interest during their marriage to each other and which are subject to division by [the Probate Court]....’” 415 Mass. at 499, 614 N.E.2d at 677. Following the entry of that order, the husband changed the beneficiary on the life-insurance policy from the wife to the parties’ daughter. Subsequent to changing the beneficiary of the life-insurance policy, the husband died. At the time of his death, the divorce action was still pending.
The wife sought a judgment from the probate court declaring that the husband’s change of beneficiary on the life-insurance policy was void because the change violated the terms of the temporary restraining order. After the wife received such a declaration from the probate court, the daughter appealed. Reversing the probate court’s judgment, the Supreme Judicial Court of Massachusetts held that the husband’s change of the beneficiary of the policy was not a violation of the probate court’s temporary restraining order. The court wrote:
“In this case the order did not specifically prohibit, restrain, or prevent the decedent from changing the beneficiary on any of his policies or accounts and the decedent could not have been guilty of contempt for doing so if he had survived. Absent a specific court order preventing or prohibiting the beneficiary change, the decedent had the right to change the beneficiary designation on the ... life insurance policy while retaining ownership in compliance with the injunction
[[Image here]]
*352 “A change of beneficiary on a policy ... is not a conveyance, transfer, or disposal of the proceeds because they are not acquired until the death ... of the insured.... A beneficiary’s interest is a conditional interest subject to defea-sance until the death of the insured.... The beneficiary is only entitled to receive proceeds from a policy if the insured dies without changing the beneficiary designation.”
415 Mass. at 500, 614 N.E.2d at 678 (emphasis added). Thus, the Massachusetts appellate court concluded that, although the probate court’s order restraining the parties from disposing of marital property required the husband to retain ownership of the policy, it did not prohibit his changing the beneficiary on the policy.
The court in Nicholas, supra, reached the same conclusion as the Gleed court, but it provided a more detailed analysis as to why the changing of a beneficiary on a life-insurance policy does not constitute a disposal of the policy. In Nicholas, the husband owned a life-insurance policy that named the wife as the beneficiary. The wife filed for a divorce from the husband, and the trial court entered a temporary restraining order preventing the parties from disposing of assets. After that order was entered, but before a final judgment of divorce was entered, the husband changed the beneficiary of his life-insurance policy from the wife. Thereafter, and, again, before the entry of a divorce judgment, the husband died. Following the husband’s death, the wife asserted claims against the new beneficiary under the policy. The trial court entered a summary judgment in her favor, holding that the husband’s change of the beneficiary of the policy constituted a violation of the temporary restraining order. The husband’s executor appealed to the Supreme Court of Kansas, which reversed.
The court began by rejecting the executor’s argument that the life-insurance policy did not constitute a marital asset. However, it continued, the fact that the life-insurance policy was marital property does not mean that the change of the beneficiary of that policy constituted disposing of the policy. Instead, it concluded that the change of the beneficiary did not, in fact, constitute disposal of the asset. The court wrote:
“Within the context of estate planning, other courts have recognized that the purpose of statutes such as K.S.A. 2002 Supp. 60 — 1607(a)(1) is not to ‘freeze each party’s estate plan as of the date of the filing’ of the divorce action, rather it ‘is to forbid actions by either party that would dissipate the property of the marital estate or place it beyond the court’s adjudicatory power in the dissolution proceeding.’ Lonergan v. Strom, 145 Ariz. 195, 200, 700 P.2d 893 (Ct.App.1985). See Benson v. District Court, 57 Idaho 85, 91-92, 62 P.2d 108 (1936); Girardi v. Girardi, 140 A.D.2d 486, 487, 528 N.Y.S.2d 397 (1988); Lindsey v. Lindsey, 342 Pa.Super. 72, 76, 492 A.2d 396 (1985); Dyer v. Dyer, 87 S.W.2d 489, 490 (Tex.Civ.App.1935); In re Knickerbocker, 912 P.2d 969, 976 (Utah 1996).
“In this case, the restraining order did not limit the use or control of the property in question, at least in a way which affects the issues in this case. Thus, the question is whether [the husbandj’s actions disposed of the property. An appropriate test for this determination is that recognized in the above-cited cases: whether the action affected the value of the marital estate or placed the property outside the adjudicatory power of the court. [The husbandj’s action did not change the value of the marital estate and did not do anything that would prevent the court from having power over *353 the property for purposes of property division.
“[The wife] ... had no vested interest in the insurance policy because ‘ “[a] beneficiary has only an inchoate right to the proceeds of a policy, subject to being divested at any time during the lifetime of the insured, by transfer, assignment, or change of beneficiary.”’ [Wear v. Mizell,] 268 Kan. [175,] at 178, 946 P.2d 1363 [ (1997) ] (quoting Hollaway v. Selvidge, 219 Kan. 345, 349, 548 P.2d 835 [1976]). Had [the wife] and [the husband] not been parties in an action for divorce, [the husband] could have changed the beneficiary designation....
“Furthermore, had the divorce been granted before [the husband]’s death, [the wife]’s interest in the property and its value to the estate remained within the adjudicatory power of the court. Pursuant to K.S.A. 2002 Supp. 60-1610(b)(1), the district court would have had the power to divide the property, including granting the cash value or appropriate balances to [the wife], or to order [the husband] to change the beneficiary designations he had previously made....
“The Court of Appeals held [the hus-bandjs actions changed the value of the estate. It did change the value of the estate which [the wife] received upon [the husband]’s death. However, changing or designating a beneficiary did not change the cash value of the insurance policy or the account balances and, therefore, did not change the value of the marital estate for divorce purposes. The appropriate inquiry is only the impact upon the marital estate, and [the husband]’s beneficiary designations had no impact until his death. At that point, the divorce action abated and there remained no action for division of the marital estate.... [The wife] no longer had a vested interest in the property pursuant to K.S.A. 2002 Supp. 23-201.
“We hold that [the husband] did not dispose of property by ... changing the beneficiary on the life insurance policy. Under the provision of K.S.A. 2002 Supp. 60-1607(a)(l) allowing a court to issue an order providing for the use, management, and control of property, the district court had the power to prohibit [the husband] or [the wife] from making a change of beneficiary designation, but no such order was entered in this case.”
Nicholas, 277 Kan. at 182-84, 83 P.3d at 222-24.
I find the Kansas Supreme Court’s analysis in Nicholas persuasive on what, in my view, is the dispositive question at issue in this case, that is, whether the husband’s change of the beneficiary of his term life-insurance policy from the wife to the brother constituted removing and disposing of the policy. In the present case, regardless of whether the insurance policy constituted a marital asset, the husband’s change of beneficiary did not deprive the parties of the policy, because the husband continued to own the policy, the value of the policy had not been diminished, and, to the extent the insurance policy did constitute a marital asset, the trial court hearing the divorce action retained control over the insurance policy for purposes of the final division of the marital property. As a result, the husband’s change of the beneficiary of the policy to his brother did not constitute removing and disposing of the insurance policy, and the question whether that policy constituted a marital asset need not be resolved.
Were this court to resolve the appeal on the narrower ground of whether a change of beneficiary in a term life-insurance policy constitutes removing and disposing of the insurance policy, we would, rightfully in my view, leave open for another day the *354 question whether, in circumstances such as those presented in the present case, one party’s failure to maintain ownership of an insurance policy (rather than merely changing the beneficiary of that policy) constitutes the transfer and disposal of a marital asset. For that reason, I concur in the result.
MOORE, J., concurs.