[Cite as *McQuaide v. McQuaide*, 2011-Ohio-273.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARGARET CLAY MCQUAIDE, ADMINISTRATRIX OF THE ESTATE OF KEVIN DAVID MCQUAIDE | JUDGES: Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 2010CA00114 |
| PATRICIA A. MCQUAIDE | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                  Case No. 2009CV04188


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           January 24, 2011


APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

EARL C. SHEEHAN                            KENNETH L. GIBSON
220 Market Avenue South                    234 Portage Trail
Suite 1140                                 Cuyahoga Falls, OH  44221
Canton, OH  44702

*Farmer, J.*

{¶1}   On May 15, 2001, Kevin McQuaide and appellee, Patricia McQuaide, were granted a divorce.  Mr. McQuaide was ordered to maintain a term life insurance policy naming appellee as an irrevocable beneficiary for as long as he had a spousal or child support obligation.

{¶2}   On September 14, 2009, Mr. McQuaide passed away.  At the time of his death, he was married to appellant, Margaret Clay McQuaide.  Appellee was the sole beneficiary of a $100,000 life insurance policy issued by Northwestern Life Insurance Company.

{¶3}   On October 29, 2009, appellant, as Administratrix of the Estate of Kevin David McQuaide, filed a complaint against appellee and Northwestern seeking a constructive trust on the insurance proceeds.  Appellant claimed the intent of the Northwestern policy was to secure Mr. McQuaide's spousal and/or child support obligations and once those obligations were met, the policy's proceeds should go to the estate.  An amended complaint was filed on November 3, 2009.

{¶4}   On February 10, 2010, appellee filed a motion for summary judgment.  By judgment entry filed April 16, 2010, the trial court granted the motion.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶6}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN SUSTAINING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE."

I

{¶7}  Appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶8}  Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶9}  "Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.  *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶11} Appellant argues she is entitled to the creation of a constructive trust on the insurance proceeds because with Mr. McQuaide's death, the child support obligation ceased and the term insurance policy had no value to the child support obligation;

therefore, the proceeds should inure to the estate. Appellant argues the Supreme Court of Ohio has endorsed this theory in *Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 226:

{¶12} "A constructive trust is, in the main, an appropriate remedy against unjust enrichment. This type of trust is usually invoked when property has been acquired by fraud. However, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud. See 53 Ohio Jurisprudence 2d (1962) 578-579, Trusts, Section 88; V Scott on Trusts (3 Ed.1967) 3412, Section 462.

{¶13} "In applying the theories of constructive trusts, courts also apply the well known equitable maxim, 'equity regards done that which ought to be done.'

{¶14} "Although this case presents issues somewhat novel to the reported decisions of this court, we find that other jurisdictions have been confronted with somewhat similar questions, and have applied the doctrine of constructive trust in situations involving after-acquired life insurance policies in determining the equities as between the title owner of such policies and those who were to be named beneficiaries by the terms of a separation agreement embodied within a divorce decree. See *Travelers Ins. Co. v. Daniels* (C.A. 7, 1981), 667 F.2d 572; *Appelman v. Appelman* (1980), 87 Ill.App.3d 749, 43 Ill.Dec. 199, 410 N.E.2d 199; *Brunnenmeyer v. Mass. Mut. Life Ins. Co.* (1979), 66 Ill.App.3d 315, 23 Ill.Dec. 652, 384 N.E.2d 446; *Lincoln National Life Ins. Co. v. Watson* (1979), 71 Ill.App.3d 900, 28 Ill.Dec. 339, 390 N.E.2d 506; *McKissick v. McKissick* (1977), 93 Nev. 139, 560 P.2d 1366; *General American Life Ins. Co. v. Rogers* (Mo.App.1976), 539 S.W.2d 693."

{¶15} The *Ferguson* court determined summary judgment was not appropriate in the case because there were facts to be determined as to the acquisition of the life insurance policy subsequent to the divorce. In the matter sub judice, the facts are clear and unambiguous as to the language of the divorce decree, and Mr. McQuaide properly followed its dictates:

{¶16} "So long as Husband has a spousal or child support obligation, he shall maintain a term life insurance policy in the face amount of $100,000.00 naming Wife as an irrevocable beneficiary. Husband shall provide proof to Wife on a semi-annual basis (June and December or each year) of the existence of the policy, and Wife's designation as a beneficiary thereon." See, Separation Agreement, attached to May 15, 2001 Decree of Divorce, attached to Stipulation filed February 12, 2010 as Exhibit A.

{¶17} In paragraph three of her complaint filed October 29, 2009, appellant acknowledged the following:

{¶18} "For the sole purpose of securing spousal and child support obligation, decedent agreed in the divorce settlement to maintain a life insurance policy in the face amount of $100,000, naming defendant Patricia McQuaide beneficiary. Said obligations have been paid, with the possible exception (subject to verification by the domestic relations court) of a small amount owing on one child, Megan."

{¶19} Appellant further acknowledged in her affidavit filed March 1, 2010 that at the time of Mr. McQuaide's death on September 14, 2009, Megan was an unemancipated child and was still receiving child support until her graduation in May of 2010. We find with no facts in dispute, summary judgment was an appropriate vehicle to resolve the issues in this case.

{¶20} It is appellant's position that equity requires that the proceeds of the insurance policy inure to the estate. We disagree with this position. The very language of the decree states "[s]o long as husband has a spousal or child support obligation***." At the time of Mr. McQuaide's death, he still had a child support obligation. Therefore, the policy's beneficiary designation remained appellee.

{¶21} Although appellant now argues it is an unjust windfall to appellee, the contractual language requires such an interpretation. We note the divorce decree at Section 19 was very specific as to the parties' rights of inheritance terminating upon divorce, yet permitted the irrevocable beneficiary designation to last up to and including the last child support payment.

{¶22} Upon review, we cannot find that equity requires the creation of a constructive trust in this case. The trial court did not err in granting summary judgment to appellee.

{¶23} The sole assignment of error is denied.

{¶24} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ John W. Wise_____

JUDGES

SGF/sg 112

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

MARGARET CLAY MCQUAIDE,         :
ADMINISTRATRIX OF THE ESTATE   :
OF KEVIN DAVID MCQUAIDE       :
                                      :
      Plaintiff-Appellant            :
                                      :
-vs-                                 :        JUDGMENT ENTRY
                                      :
PATRICIA A. MCQUAIDE           :
                                      :
      Defendant-Appellee        :        CASE NO. 2010CA00114

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

                          s/ Sheila G. Farmer_____

                          s/ W. Scott Gwin_____

                          s/ John W. Wise_____

                                JUDGES